**Norman H. JOHNSON and Emily Johnson, Husband and Wife, Plaintiffs,**

v.

**Calvin E. WRIGHT, District Director of Internal Revenue, Defendant.**

**No. 2104.**

United States District Court
D. Idaho, E. D.
July 28, 1959.

L. Charles Johnson, Johnson & Olson, Pocatello, Idaho, for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, John J. Kilgariff, Dept. of Justice, Washington, D. C., Ben Peterson, U. S. Atty., Boise, Idaho, for defendant.

TAYLOR, District Judge.

The plaintiffs in this action, Norman H. Johnson and Emily Johnson, husband and wife, are seeking to recover an alleged overpayment of Federal Income Taxes, together with statutory interest thereon. The parties have submitted the matter for decision on stipulated facts.

In 1953, the plaintiff Norman H. Johnson was an employee of the Union Pacific Railroad Company and a member of the Brotherhood's Relief and Compensation Fund. The Brotherhood's Relief and Compensation Fund was, and is, a nonprofit corporation, the object of which is the maintenance of a society for beneficial and protective purposes to its members. Membership in the organization required the payment of monthly dues, and from the funds so collected the insured became entitled to "held out of service" or "retirement benefits." Members participating in the Fund can select among four classes of membership and, upon payment of the dues specified for the class of membership chosen, receive the scale of benefits specified for that type of membership.

The sole question presented for determination is whether the payments received by the taxpayers as "held out of service" benefits in 1953, in excess of the amounts contributed to the Fund as dues by the plaintiff Norman H. Johnson are taxable income within the limitations of the Federal Constitution and the Internal Revenue Code of 1939.

The Internal Revenue Service has repeatedly ruled that unemployment payments of the nature with which we are here concerned are gross income to the recipient. I.T.1918, III–I, Cum Bull. 1121 (1924); Rev.Rul. 57–838; Rev.Rul. 59–5. On an examination of the applicable laws the Court is of the opinion that such rulings substantially reflect the law and that the "held out of service" or unemployment benefits received by the taxpayers in excess of the dues or premiums paid therefore is gross income of the taxpayers and subject to the Federal income tax.

In view of the broad language used in Section 22(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(a), and the interpretation placed on that statute by the Supreme Court of the United States in the case of Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483, the conclusion appears inescapable that the payments in question, insofar as they exceed the dues paid by the plaintiff Norman H. Johnson, are gross income to the taxpayers. At pages 475, 476 of 75 S.Ct., the Court, Chief Justice Warren speaking, states:

> "The sweeping scope of the controverted statute is readily apparent:
>
> " '§ 22. Gross Income
>
> " '(a) General definition. "Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, *or gains or profits and income derived from any source whatever.* * * * *'

"This Court has frequently stated that this language was used by Congress to exert in this field 'the full measure of its taxing power.' * * * But Congress applied no limitations as to the source of taxable receipts, nor restrictive labels as to their nature. And the Court has given a liberal construction to this broad phraseology in recognition of the intention of Congress to tax all gains except those specifically exempted. * * * (Citing authorities.) Such decisions demonstrate that we cannot but ascribe content to the catch-all provision of § 22(a), 'gains or profits and income derived from any source whatever.' The importance of that phrase has been too frequently recognized since its first appearance in the Revenue Act of 1913 to say now that it adds nothing to the meaning of 'gross income.' "

In the instant case, as in the Glenshaw Glass case, there are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." The taxpayers have realized a clear economic gain. This economic gain is not of a type that has been specifically exempted by any other part of the Internal Revenue Act of 1939, as amended. The payments cannot be characterized as gifts, and there does not seem to be any serious contention by the taxpayer that the payments were made or received as gifts. The payments were made pursuant to a definite contractual agreement in which the benefits received were directly based on the dues paid. The said payments were in no way discretionary or gratuitous on the part of the Fund.

The payments, insofar as they exceed the dues paid, are in no wise a return of original capital of the plaintiff taxpayers. Nor are they a substitution of money value for the permanent loss of something having the characteristics of a previously owned capital item (as in the case with personal injury recoveries —such recoveries being held not taxable on the theory that the recovery is comparable to a return of capital). Indeed, the purpose of the payments was to take the place of wages lost through unemployment which, if earned, would have been taxable. Similarly, this case does not fall within the ambit of the rulings of the Internal Revenue Service holding certain payments not taxable that are made out of funds realized from taxes for the general welfare. (Benefits paid under the Federal Old Age and Survivors Insurance System, Unemployment Compensation benefits, etc.)

Taxpayers advance the argument that "held out of service" payments received are merely a redistribution of membership capital—and being a return of capital are neither within the scope of § 22 (a) nor constitutionally taxable. This argument does not seem persuasive. As stated before, the plaintiffs have had a realized accession of wealth over which they had complete dominion. Once any member of the Fund pays dues into it, such dues so paid becomes the property of the Fund, and the individual member of the Fund has no equitable or legal right in the money except that it be applied in accordance with the corporate purpose. No individual rights other than the contractual rights specified in the membership certificate spring from the payment of the dues.

In accordance with the foregoing the defendant is entitled to judgment.

Counsel for the defendant shall prepare findings of fact, conclusions of law, and a proposed judgment, serve copies of the same on counsel for the plaintiff, and submit the originals to the Court.